FARMERS EXCHANGE BANK and ALBERT H. PITKIN,
Respondents, v. ISABELLA HAGELUKEN et al.,
Appellants.

St. Louis Court of Appeals, April 29, 1898.

*Appeal from the Scotland Circuit Court.*—HON. ED. R.
McKEE, Judge.

TRANSFERRED TO SUPREME COURT.

BOND, J.—This is a proceeding to foreclose a
deed of trust brought by the assignee of the notes
secured by the instrument, which were past due when
this suit was begun, and were executed by defendant
Isabella Hageluken, without the joinder of her husband
and codefendant. The deed of trust was also executed
by the wife alone. It recites that the property con-
veyed is her separate estate. It embraces certain real
estate acquired by her, during coverture, as one of
four heirs of the estate of her father. On account of
errors in the description contained in the decree of
partition of said estate, quitclaim deeds were exchanged
by the heirs to rectify the boundaries of the lands
allotted. In consequence of this the title of the
defendant Isabella Hageluken to the property mort-
gaged is evidenced by a quitclaim deed from one of
the other heirs to her father's estate. The defense
(made in the answer) was that no title passed under the
deed of trust, by reason of the nonjoinder of the
defendant husband. The court rendered a decree
against the contention for plaintiffs. After unsuccess-
ful motions for new trial and in arrest, defendants
appealed.

The only question presented by the record is the validity of the deed of trust as carrying the title to the real estate therein described. The solution of this question necessarily involves the title to real estate, and is therefore, under the constitution, a matter for the determination of the supreme court, to which tribunal the appeal should have been taken. The cause is therefore transferred to the supreme court, according to section 3300, of the Revised Statutes of 1889. All concur.